Dear Ms. Spikes:
You have requested an opinion from the Attorney General regarding the proper procedures to be followed when depositing checks made payable to various non-profit foundations, alumni federations, and other external non-profit support groups which conduct various solicitation campaigns for contributions from the public and private sectors on behalf of the Southern University System (Southern). You state that these various organizations also receive, on a regular basis, unsolicited contributions from persons who desire to support Southern and/or specific entities of the institution through tax deductible donations for specified and unspecified purposes. The Foundation also conducts an annual Radiothon through a local radio station which solicits contributions and pledges for future contributions on behalf of the Foundation in the name of Southern University Foundation/Q-106 Radiothon.
You further state that, on many occasions, checks and other negotiable instruments are mailed or otherwise delivered to the Foundation and the Alumni Federation to pay pledges and make contributions which are made payable to various organizations as follows: Southern University Foundation; Southern University System Foundation; Southern University; Southern University Foundation/Q-106 Radiothon; Southern University/Q-106 Radiothon; Southern University Radiothon; SU/Q-106 Radiothon; SU/Q-106; Alumni Federation; and Southern University Alumni Federation.
In most cases the checks are accompanied by a letter detailing the contributor's intent as to how the donation is to be applied, or the check may simply be enclosed with no explanation.
Given the above scenario you ask the following question:
When checks are made payable to Southern University or to some variation of the named payee, as previously indicated, without the inclusion of the word "Foundation" or "Alumni Federation" or other recognized support group, and transmitted by the donor to the Southern University Foundation, the Alumni Federation or support group, with our without explanation as to how the proceeds of the checks are to be applied, are the Foundation, Alumni Federation or other recognized support group within their legal right to deposit said checks into their respective accounts, and to credit the donor for the contribution? If not, what action is the receiving organization obligated to take as it relates to such negotiable instruments?
In answer to your question, I refer you to LSA-R.S. 10:3-110
which provides, in pertinent in part, the following:
 "(a) The person to whom an instrument is initially payable is determined by the intent of the person, whether or not authorized, signing as, or in the name or behalf of, the issuer of the instrument. The instrument is payable to the person intended by the signer even if that person is identified in the instrument by a name or other identification that is not that of the intended person.
* * *
 (c) A person to whom an instrument is payable may be identified in any way, including by name, identifying number, office, or account number. For the purpose of determining the holder of an instrument, the following rules apply:
 (1) If an instrument is payable to an account and the account is identified only by number, the instrument is payable to the person to whom the account is payable. If an instrument is payable to an account identified by number and by the name of a person, the instrument is payable to the named person, whether or not that person is the owner of the account identified by number.
(2) If an instrument is payable to:
* * *
 (iii) a fund or organization that is not a legal entity, the instrument is payable to a representative of the members of the fund or organization; or
 (iv) an office or to a person described as holding an office, the instrument is payable to the named person, the incumbent of the office, or a successor to the incumbent."
As can be gleaned from the above, the general rule is that the person to whom an instrument is payable is determined by the intent of the person signing as, or in the name or behalf of, the issuer of the instrument. Thus, for example, in the case of a check made payable to "John Smith" since there are many people in the world named "John Smith" it is not possible to identify the payee of the check unless there is some further identification or the intention of the drawer is determined. Name alone is sufficient under subsection (a), but the intention of the drawer determines which John Smith is the person to whom the check is payable.
More relevant to your question, the same issue is presented in cases of misdescriptions of the payee. The drawer intends to pay an organization known to the drawer as, e.g., "SU/Q-106 Radiothon,". In fact, the proper name for the organization is the Southern University System Foundation. If the check identifies the payee as "SU/Q-106 Radiothon," it is nevertheless payable to that organization intended by the drawer. Thus, the authorized representative of that organization (i.e., the Foundation) may endorse the check in either the name of the payee, the correct name, or both names. The check may then be deposited in the account of the Foundation.
The above legal principle would likewise hold true for instruments made payable to Southern University, where the intent of the drawer is that the donation be for the benefit of the Foundation or other support group. Representatives of the Louisiana Office of Financial Institutions recommend that a formal written agreement be executed between Southern and the Foundation authorizing the endorsement and deposit of checks made payable to Southern University in the Foundation's account. In addition, it is recommended that language be included on solicitation and pledge cards by which the donor authorizes the appropriate support group to deposit the check or other instrument containing a misdescribed payee.
Although the above procedure regarding checks misdescribed to Southern as payee is legally permissible under state law, it may be unacceptable to the Louisiana Legislative Auditor's Office from a control standpoint. Representatives of that office recommend that any checks made payable to Southern University should be endorsed by the appropriate representative of the University to the appropriate support group for deposit. Further, the University should retain adequate documentation supporting the intention of the drawer of the check.
We trust that this adequately responds to your inquiries. Should you have any additional questions concerning this matter, please do not hesitate to contact us. Questions for the Office of Financial Institutions should be directed to Gary L. Newport at (504) 925-4660. Questions for the Louisiana Legislative Auditor's Office should be directed to Grover Austin at (504) 339-3800.
With kindest regards, I am
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/cla
Ms. Delores R. Spikes President, Southern University System Baton Rouge, La 70813
Date Received:
Date Released:
Robert E. Harroun, III Assistant Attorney General